UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Matthew Daniel Myers, | ) | C/A No. 9:23-01404-MGL-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| R. S. Dunbar, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Matthew Daniel Myers, a pro se federal inmate, filed this action seeking habeas corpus relief under 28 U.S.C. § 2241 (§ 2241). Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

By Order (ECF No. 3) dated June 30, 2023, Petitioner was given a specific time frame in which to bring this case into proper form. Petitioner has complied with the Court's order, and his § 2241 habeas case is now in proper form.

Petitioner was also given notice of material defects in his Petition and given the opportunity to file an amended petition under § 2241 if he is attempting to challenge the fact or duration of his confinement. He was informed that to the extent he filed his action on a § 2241 form by mistake, he could voluntarily dismiss his case under Federal Rule of Civil Procedure 41(a). Additionally, Petitioner was informed that if he was attempting to assert a constitutional claim regarding his conditions of confinement/medical care in a civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) that such claims should be filed in a new action. *See* ECF No. 3.

Petitioner did not file an amended petition alleging claims under § 2241. Instead, he filed a complaint alleging violations of his constitutional rights. However, Petitioner wrote the case number of this habeas case on the complaint form of his non-habeas complaint, such that the new complaint was mistakenly filed as an Amended Petition (ECF No. 6) in this habeas case. Because Petitioner alleges constitutional claims about his medical care (and does not allege any habeas claims) in the Amended Petition, it should be refiled as a complaint in a new non-habeas case.[1]

---

[1] The opening of a new case is also necessary because the filing fees differ in the two types of cases. The filing fee for a habeas case is $ 5, but the filing fee for a non-habeas case (including a case alleging claims pursuant to *Bivens*) is $ 350, plus a $52 administrative fee set by the Judicial Conference (however, the $ 52 fee is not applicable to *in forma pauperis* cases).

The Clerk of Court is directed to delete the Amended Petition (ECF No. 6) from this action and to file that document as the complaint in a new action. A copy of this Order should also be filed in the new case.

The defendants to the new case will be (1) Dr. Thompson; (2) Stephen Hoey, *FCI Williamsburg Medical Director*; (3) Warden of FCI Williamsburg, and (4) Does 1-10. The Respondent in this case will remain as R. S. Dunbar. The Clerk of Court is authorized to determine the most efficient manner and time for entering the new case number, party information, and pleading information on the court's electronic case management system. When the new case is docketed, the undersigned Magistrate Judge is to be assigned to the new case resulting from this order and will conduct an initial review pursuant to the General Order issued in In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), 28 U.S.C. § 1915, and 28 U.S.C. § 1915A. For statute of limitations purposes, the complaint filed in the new case shall be considered filed as the same date the original Petition in case number 9:23-01404-MGL-MHC was filed.

**IT IS SO ORDERED.**

Molly H. Cherry
United States Magistrate Judge

August 14, 2023
Charleston, South Carolina

---

Additionally, the requirements to get these two types of cases into proper form differs (including that to get a non-habeas case into proper form, a plaintiff must provide a summons form listing all the defendants and, if a plaintiff is proceeding *in forma pauperis*, a separate Form USM-285 for each defendant sued). A plaintiff in a non-habeas case that wishes to proceed *in forma pauperis* must provide a Form AO-240 accompanied by a Financial Certificate. *See* General Order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007).